UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIVIL ACTION NO. 15-20776-Civ-Scola

DANILO LOPEZ GARCIA, and all others )
similarly situated under 29 U.S.C. 216(b), )
                )
   Plaintiff,            )
                )
V.                 )
                )
YACHTING PROMOTIONS, INC.,     )
                )
   Defendant.           )
                )

**DEFENDANT'S MOTION FOR FINAL SUMMARY JUDGMENT
AND INCORPORATED MEMORANDUM OF LAW**

   Defendant, YACHTING PROMOTIONS, INC. ("Yachting Promotions"), pursuant to Rule 56, Federal Rules of Civil Procedure, moves for an order granting final summary judgment on Plaintiff's Fair Labor Standards Act ("FLSA") overtime claim. The material facts are undisputed, and Yachting Promotions is entitled to judgment as a matter of law. As grounds, Yachting Promotions files this Motion and Incorporated Memorandum of Law and states:

**MEMORANDUM OF LAW**

**I. SUMMARY**

   Danilo Lopez Garcia's ("Plaintiff") sole claim is for unpaid overtime in violation of the FLSA. (Dkt. 1). However, Plaintiff properly was paid for every hour he worked using

the fluctuating workweek method of calculating overtime pay.[1]  Yachting Promotions met all four requirements from the Department of Labor ("DOL") to use this lawful method of calculating overtime because: (1) Plaintiff was paid a fixed salary of $779.48 per week that did not vary with the number of hours he worked during the workweek; (2) Plaintiff's pay records firmly establish that his salary was sufficiently high enough to ensure that his earnings from the salary never fell below the FLSA's minimum wage rate in any workweek; (3) Plaintiff's hours fluctuated from week to week; and (4) Plaintiff and Yachting Promotions shared a clear mutual understanding that Plaintiff's salary covered all hours worked during the workweek, regardless of the number.  Requirements (1)-(3) either were conceded by Plaintiff at deposition or are otherwise undisputed by Plaintiff.

Regarding requirement (4), Plaintiff suggested while testifying at his deposition that he lacked a "clear mutual understanding" that he was paid using the fluctuating workweek

---

[1] DOL regulations provide that non-exempt employees who are paid on a salary basis for a fluctuating workweek may be paid an overtime rate of one-half their regular rate of pay (rather than one and one-half times their regular rate). Under the fluctuating workweek method of calculating overtime, "[e]mployees are compensated at a fixed salary per week regardless of the number of hours worked (whether above or below 40 hours), and at one-half (or 50%) the regular rate, instead of one-and-one-half times (or 150%) for each hour worked in excess of 40 hours." *Garcia v. Port Royale Trading Co. Inc.*, 198 F. App'x 845, 846 n.1 (11th Cir. 2006). An employee's regular rate is calculated by dividing the amount of the weekly salary by the number of hours actually worked in the week. *Blackmon v. Brookshire Grocery Co.*, 835 F.2d 1135, 1138-39 (5th Cir. 1988) (finding computation of regular rate calls for dividing actual hours worked each workweek into fixed salary).  For example, if employee is paid a salary of $1,000 and works 50 hours, their regular rate would be $20/hr. This method allows employers to pay employees a fixed salary (as straight-time pay) for all hours worked in the workweek and then compensate employees for their overtime hours on an additional "half-time" basis. *See, e.g., Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 579-80 (1942); *Torres v. Bacardi Global Brands Promotions, Inc.*, 482 F. Supp. 2d 1379, 1381-82 (S.D. Fla. 2007).

method because he does not speak English as his first language.  Plaintiff's attorney's firm has previously made this *exact same* argument before the Eleventh Circuit -- and failed.  *See Garcia v. Port Royale Trading Co. Inc.*, 198 Fed. App'x. 845, 846 (11th Cir. 2006) (affirming summary judgment and holding that "[d]espite [plaintiff's] claims of not understanding how he was paid due to his alleged inability to understand the English language, either written or spoken, he did understand how much money he was paid each week.  He also knew that his hours fluctuated each week and that once he executed the fixed salary for fluctuating hours agreement, the manner in which he was compensated had changed.").

The instant case is indistinguishable from *Garcia*.  Here, Plaintiff conceded during his deposition that he understood that his hours fluctuated, but his salary did not, which is all that is required to prove a "clear mutual understanding" as a matter of law.  Furthermore, Plaintiff acknowledged that he read and understood a Compensation Policy memo on March 2, 2007, which stated that his "weekly hours will fluctuate and…[a] base salary will compensate you for any and all hours worked."  The memo also clearly reflected that he would "begin receiving at least an additional half-time for those hours greater than forty (40) in a workweek."  Indeed, Plaintiff worked for almost eight (8) more years under this compensation policy.  Therefore, Plaintiff cannot meet his burden to prove a lack of "clear mutual understanding" that he was paid using the fluctuating workweek method.  As such, Yachting Promotions is entitled to summary judgment as a matter of law.

## II.     STATEMENT OF UNDISPUTED MATERIAL FACTS

1.     Plaintiff worked for Yachting Promotions as a "worker" from September 1, 2001 through January 24, 2015. (Dkt. 1 ¶ 8; Plaintiff's Deposition ("Pl. Dep."), p. 30:4-7. (Excerpts attached as **Exhibit A**)).

2.     While working for Yachting Promotions, Plaintiff was paid a fixed salary of $779.48 per week that did not vary with the number of hours he worked during the workweek. (Pl. Dep. p. 45:18-46:1).

3.     To ensure accuracy, Yachting Promotions used the "Coefficient Table for Computing a Half-Time for Overtime" expressly provided by the U.S. Department of Labor ("DOL") to calculate Plaintiff's overtime payments. (DOL Coefficient Table for Computing a Half-Time for Overtime, attached as **Exhibit B;** Samples of Calculations of overtime payment, attached as **Exhibit C**).

4.     Plaintiff's pay records, which Plaintiff verified at his deposition, show that his salary was sufficiently high enough to ensure that his earnings from the salary never fell below the FLSA's minimum wage rate in any workweek. (Pl. Dep. p. 166:13-23; Plaintiff's pay records, attached as **Exhibit D**).

5.     Plaintiff's hours fluctuated from week to week. (Plaintiff's pay records, **Exhibit D;** Pl. Dep. p. 74:9-12).

6.     Plaintiff was responsible for accurately recording his hours, which he did through a fingerprint recognition time clock. (Pl. Dep. p. 46:16-21).

7.     Plaintiff concedes that all the hours he worked were properly recorded while he worked at Yachting Promotions. (Pl. Dep. p. 47:6-9).

8. Plaintiff and Yachting Promotions shared a clear mutual understanding that Plaintiff's salary covered all hours worked during the workweek, regardless of the number. (Compensation policy and acknowledgment, attached as **Exhibit E**).

9. Indeed, Plaintiff signed an acknowledgment that he read and understood in a Compensation Policy memorandum that reads, in its entirety:

> Date: February 27, 2007
>
> RE: Compensation Policy
>
> TO: ALL Salaried Non-Exempt Employees
>
> FROM: Ricardo Strul
>
> This will confirm that beginning on March 2nd, the Company will continue to pay your weekly base salary for all hours worked in a workweek. You understand that your weekly hours will fluctuate and that this base salary will compensate you for any and all hours worked. In order to reward you for those times when your supervisor approves work greater than 40 hours in any given workweek all eligible salaried non-exempt employees will begin receiving at least an additional half-time for those hours greater than 40 in a workweek. To monitor this compensation program, the Company requires to maintain the current practice of: (a) keeping a daily record of the number of hours worked and submitting it to your corresponding office's record keeper; and (b) having received authorization from your supervisor before working more than 40 hours in any given workweek.
>
> This salary method of payment may be changed or modified as deemed appropriate by the Company. If you have any questions regarding this feel free to contact me.
>
> I have read and understand the above.
>
> (*Id.*).

10. Plaintiff signed this acknowledgment on March 2, 2007. (Pl. Dep. Ex. 2; 29:9-17).

11. During Plaintiff's deposition, Plaintiff read the Compensation Policy memorandum into the record aloud in English. (Pl. Dep. p. 81:14-82:20).

12. From March 2, 2007 forward, Plaintiff was compensated for all hours worked using the fluctuating workweek method of overtime compensation outlined in the acknowledgment. (Plaintiff's pay records, **Exhibit D**).

13. On February 24, 2015, Plaintiff filed a one-count Complaint for Federal Overtime Wage Violation. (Dkt. 1).

### III. SUMMARY JUDGMENT STANDARD

A motion for summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247 (1986) (quoting Fed. R. Civ. P. 56(c)). The moving party bears the initial responsibility of demonstrating that there are no genuine issues of material fact to be decided at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden may be met by "showing" or "pointing out" to the Court that there is no genuine dispute regarding the material facts. *Jeffrey v. Sarasota White Sox, Inc*., 64 F.3d 590, 593 (11th Cir. 1995) (quoting *Celotex*, 447 U.S. at 325). Once the initial burden is met, the non-moving party must go beyond the pleadings and "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)); *see also Celotex*,

6

477 U.S. at 324. In so doing, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.

Here, there are no genuine issues of material fact for trial, and Yachting Promotions is, therefore, entitled to summary judgment as a matter of law.

## IV. LEGAL ARGUMENT

Per DOL guidance, the fluctuating workweek method of calculating overtime can be used where the following requirements are met:

(1) the employee is paid a fixed salary that does not vary with the number of hours worked during the workweek (excluding overtime premiums);

(2) the salary is sufficiently large to ensure that no workweek will be worked in which the employee's earnings from the salary fall below the Act's minimum wage rate;

(3) the employer and employee share a "clear mutual understanding" that the salary covers all hours worked during the workweek, regardless of the number; and

(4) the employee's hours fluctuate from week to week.

29 C.F.R. § 778.114.

Numerous courts, including the Eleventh Circuit, have adopted this DOL guidance. *See, e.g.* *Garcia*, 198 Fed. App'x. at 846; *Davis v. Friendly Exp., Inc.,* 2003 WL 21488682, at *1 (11th Cir. Feb. 6, 2003).

Here, Plaintiff conceded at his deposition that he was paid a fixed salary of $779.48 that did not vary with the number of hours worked during a workweek and that his hours fluctuated from week to week. (Statement of Undisputed Material Facts ("SOF") ¶¶ 2, 5). Additionally, Plaintiff's pay records, which Plaintiff conceded are accurate, show that his salary was sufficiently large to ensure that no workweek fell below the FLSA's minimum

7

wage rate. (SOF ¶ 4). Therefore, requirements 1, 2, and 4 of the DOL guidance are undisputed by Plaintiff. For that reason, the analysis below will focus on the "clear mutual understanding" requirement.

As set forth in more detail below, Plaintiff conceded at deposition that he understood that his hours fluctuated, but his salary did not, which is all that is required as a matter of law to satisfy the "clear mutual understanding" requirement. (SOF ¶ 2, 5); *see, Valerio v. Putnam Associates Inc.*, 173 F.3d 35, 37 (1st Cir. 1999) (holding that "parties must only have reached a 'clear mutual understanding' that while the employee's hours may vary, his or her base salary will not"); *Clements v. Serco, Inc.*, 530 F.3d 1224, 1230 (10th Cir. 2008) (holding that mutual understanding element only requires that the employees have a "clear and mutual understanding that they would be paid on a salary basis for all hours worked.").

**A. The Eleventh Circuit Only Requires A "Clear Mutual Understanding" That An Employee's Salary Covers All Hours Worked.**

The Eleventh Circuit has clearly stated that "[n]either the regulation nor the FLSA in any way indicates that an employee must also understand the manner in which his or her overtime pay is calculated.'" *Davis,* 2003 WL 21488682 at *2 (quoting *Bailey v. County of Georgetown*, 94 F.3d 152, 156 (4th Cir. 1996)). Plaintiff only need understand that while his hours fluctuated, his salary did not. *Valerio*, 173 F.3d at 37; *Clements*, 530 F.3d at 1230. The DOL has also endorsed this interpretation. Wage and Hour Opinion Letter, FLSA 2009-3 (citing *Valerio* and *Clement* for the proposition that the "mutual understanding element only requires that the employees have a 'clear and mutual understanding that they would be paid on a salary basis for all hours worked.'").

8

Here, Plaintiff conceded at deposition that he understood that, while his hours varied, his salary did not. (SOF ¶ 2, 5). Furthermore, Plaintiff acknowledged reading and understanding a Compensation Policy memo on March 2, 2007, which clearly reflects that "your weekly hours will fluctuate and…this base salary will compensate you for any and all hours worked." (SOF ¶¶ 9, 10). The Compensation Policy provides more than the law requires, stating that Plaintiff "will begin receiving at least an additional half-time for those hours greater than 40 in a workweek." (SOF ¶ 9). Plaintiff does not dispute that he signed this acknowledgment. (SOF ¶ 10).

Therefore, Plaintiff understood that his hours would fluctuate but his base salary would not, and he also understood that he would be compensated on a half-time basis for all hours worked in excess of forty (40) hours in a workweek. *Id.* Indeed, Plaintiff's pay records show that he properly was compensated for all hours worked at Yachting Promotions. (SOF ¶ 4). Therefore, there remains no issue of material fact that Plaintiff had a "clear mutual understanding" that he would be compensated using the fluctuating workweek method of calculating overtime. Plaintiff earned and accepted compensation in the manner for eight years. As such, Yachting Promotions is entitled to summary judgment as a matter of law.

**B. The Burden Of Proving A Lack Of Mutual Understanding Is On The Plaintiff, Which He Cannot Meet.**

The Eleventh Circuit has held that the burden of proving a lack of mutual understanding lies with the Plaintiff. *Davis*, 2003 WL 21488682, at n. 4 ("Generally, a FLSA Plaintiff carries the burden of proving all elements of a FLSA claim. When, however, an employer relies on an exemption from a FLSA requirement, the employer generally bears the burden of

9

showing that the exemption applies. As the Fifth Circuit concluded, the fluctuating workweek method is an alternative means of complying with the overtime provisions of FLSA, it is no exemption from those provisions."); *see also, Samson v. Apollo Res., Inc.*, 242 F.3d 629, 636 (5th Cir. 2001) ("the [fluctuating workweek] method is one method of complying with the overtime payment requirements of 29 U.S.C. § 207(a)(1). It is not an exemption to it. (internal citations omitted). Therefore, the employee bears the burden of proving that the employer failed to properly administer the [fluctuating workweek] method").

Here, Plaintiff cannot meet the burden of establishing a lack of "clear mutual understanding" by claiming that he does not speak English as his first language. First, Plaintiff reads English well enough to recite the entire Compensation Policy in English at his deposition. (SOF ¶ 11). Plaintiff cannot reasonably claim that he does not understand English. Second, Plaintiff's attorney's law firm has already made this *exact same* argument before the Eleventh Circuit -- and failed. In *Garcia*, Plaintiff claimed that he did not understand how he was paid due to his alleged inability to understand the English language. 198 Fed. App'x. at 846. The Eleventh Circuit rejected this argument and affirmed summary judgment, holding:

> Despite [plaintiff's] claims of not understanding how he was paid due to his alleged inability to understand the English language, either written or spoken, he did understand how much money he was paid each week. He also knew that his hours fluctuated each week and that once he executed the fixed salary for fluctuating hours agreement, the manner in which he was compensated had changed. *Id.*[2]

---

[2] Additionally, numerous Florida courts have held that "[p]ersons not capable of reading English, as well as those who are, are free to elect to bind themselves to contract terms they sign without reading." *Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Benton,* 467 So. 2d 311, 313 (Fla. 5th DCA 1985) (enforcing arbitration clause where party could not read English). "If a person cannot read the instrument, it is as much his duty to procure some reliable person to read and

This case is indistinguishable from *Garcia*. Here, Plaintiff understood that he was paid a $779.48 salary each week. (SOF ¶ 2). Plaintiff knew that his hours fluctuated each week, but his salary did not. (SOF ¶¶ 2, 5). Plaintiff acknowledged the Compensation Policy memo setting forth how his compensation would change from that day forward. (SOF ¶¶ 9, 10). Therefore, Plaintiff cannot present a genuine issue of material fact or meet his burden to prove he lacked a "clear mutual understanding" that he was paid using the fluctuating workweek method. As such, Yachting Promotions is entitled to summary judgment as a matter of law.

## V. CONCLUSION

WHEREFORE, Defendant respectfully requests that the Court grant this motion and enter final judgment for Defendant on Plaintiff's claim, reserve jurisdiction to address any post-judgment motions filed, and enter such other relief as the Court deems necessary in the interests of justice.

**Dated this 21st day of October, 2015.**

---

explain it to him, before he signs it, as it would be to read it before he signed it if he were able to do so . . . ." *Id.* (quoting *Sutton v. Crane,* 101 So. 2d 823, 825 (Fla. 2d DCA 1958)). A contract is therefore binding, notwithstanding a party's inability to read it, "[u]nless one can show facts and circumstances to demonstrate that he was prevented from reading the contract, or that he was induced by statements of the other party to refrain from reading the contract . . . ." *Allied Van Lines, Inc. v. Bratton,* 351 So. 2d 344, 347-48 (Fla. 1977).

11

Respectfully submitted,

*/s/Kevin D. Zwetsch*
WILLIAM E. GROB
Florida Bar Number 0463124
E-mail: william.grob@ogletreedeakins.com
KEVIN D. ZWETSCH
Florida Bar Number 0962260
E-mail: kevin.zwetsch@ogletreedeakins.com
WARREN D. ASTBURY
Florida Bar Number 078056
E-mail: warren.astbury@ogletreedeakins.com

OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.

100 North Tampa Street, Suite 3600
Tampa, Florida 33602
Telephone: 813.289.1247
Facsimile: 813.289.6530

ATTORNEYS FOR DEFENDANT
YACHTING PROMOTIONS, INC.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 21, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/Kevin D. Zwetsch*
Attorney

12

**SERVICE LIST**

J.H. Zidell
Julia M. Garrett
Elizabeth Olivia Hueber
Steven C. Fraser
J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
zabogado@aol.com
jgarrett.jhzidellpa@gmail.com
elizabeth.hueber.esq@gmail.com
steven.fraser.esq@gmail.com
(Counsel for Plaintiff)
*via CM/ECF Electronic Notification*

22698246.1