UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:15-CV-20776-RNS

DANILO LOPEZ GARCIA and all others )
similarly situated under 29 U.S.C. 216(B), )
                 )
Plaintiff, )
                 )
vs. )
                 )
YACHTING PROMOTIONS, INC., )
Defendant. )
_____ )

**MOTION TO COMPEL DEPOSITIONS AND RESPONSES TO**
**REQUEST FOR PRODUCTION OF DOCUMENTS**

  Comes now, Plaintiff Danilo Lopez Garcia ("Plaintiff") by and through undersigned counsel, and files this Motion to Compel Depositions and Responses to Request for Production of Documents states as follows:

### A. MEMORANDUM OF POINTS AND AUTHORITIES

**I. Introduction**

  Plaintiff has two independent discovery issues that he is seeking to compel. The first, is the deposition of Ricardo Strul and Paul Zak, and second, the responses to Plaintiff's First Request for Production of Documents, requests # 3, 4, and 5. As for the depositions, the parties had agreed to a date for certain agents of Corporate Defendant which was unilaterally revoked by Defendant and Defendant thereafter refused to appear for or produce witnesses for depositions. As for the requests for production, Defendant has made irrelevant, boilerplate, objections contrary to the local rules of the Southern District of Florida.

**II.     Compel Depositions**

a.     Background

1.     On June 1, 2015, Defendant's counsel advised through Initial Disclosures that, "Counsel for Plaintiff may not directly contact persons employed by Defendant in management positions because they are supervisors, and, by definition, Plaintiff's counsel may not speak to them without defense counsel's permission."

2.     Plaintiff's counsel had attempted to get dates for the deposition of Ricardo Strul and Paul Zak, two manager employees of Defendant who were listed on Defendant's initial disclosures.  On September 8, 2015, Plaintiff's counsel advised Defendant's counsel via emal that she would arbitrarily pick a date for the deposition if Defendant's counsel would not provide some potential dates. Undersigned counsel also noted, "Further, I have been instructed by Mr. Zwetsch that these witnesses would be produced through your firm - so I'm not independently contacting them."   Defendant's counsel properly responded and the parties exchanged potential dates to conduct the depositions.

3.     On September 9, 2015, Defendant's counsel agreed via e-mail to produce the witnesses on the date of October 1, 2015 for the depositions of both Ricardo Strul and Paul Zak.

4.     On September 21, 2015 Plaintiff's counsel e-mailed to Defendant's counsel to ensure that said witnesses would be appearing on the previously agreed-upon date of October 1, 2015.  Defendant's counsel replied via email that he and the witnesses were no longer available at the agreed upon time.  Further, Defendant's counsel refused to be available at *any* time prior to the close of discovery, and stated that Defendant would oppose any motion to extend the discovery period.

5. On September 21, 2015 Plaintiff delivered his Notice of Deposition for Ricardo Strul and Paul Zak to Defendant's counsel for the original date of October 1, 2015.

6. Defendant's counsel advised that he would not be producing the witnesses for the depositions and that they would not occur. On October 1, 2015, Defendant's counsel did not produce the witnesses, however, a representative of Defendant's counsel appeared at Plaintiff's counsel's office.

7. This motion is brought to compel the depositions of Ricardo Strul and Paul Zak, and is made within 30 days of October 1, 2015, the date of the scheduled deposition.

b. This Court Should Order that the Parties Cooperate on Scheduling and Participating in Deposition of Ricardo Strul and Paul Zak.

Resolution of discovery disputes are within the discretion of this Court. Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The depositions were properly scheduled prior to the close of discovery in accordance with Local Rule 26.1(f). When a party has made proper attempts to schedule the deposition of a third-party witness, the Court may order the deposition of said witness even if the relief moved for is brought after the discovery deadline. *E.g.* Marrero Enterprises of Palm Beach, Inc. v. Estefan Enterprises, Inc., No. 06-81036-CIV, 2009 WL 1941267, at *2 (S.D. Fla. July 7, 2009)(holding that the deposition of the defendant's investigator had to be scheduled following problems with the defendant's scheduling).

Ricardo Strul and Paul Zak are witnesses which the Defendant's counsel assured Plaintiff's counsel that they would produce, and further, instructed Plaintiff's counsel that they were members of management and were not to be contacted as being an extension of the Defendant Corporation. Defendant's counsel agreed to a set date, and then reneged on that date

and refused to reschedule deposition, either before or after the close of discovery, without a court order.

Plaintiff's counsel timely and reasonably pursued the depositions of critical witnesses when those witness' importance in this case became apparent. The importance of Ricardo Strul's testimony became apparent when the Defendant's corporate representative at its 30(b)(6) deposition claimed nearly no knowledge of the subject matter of the suit (despite a proper 30(b)(6) notice articulating the subjects of knowledge to be discussed). Defendant's corporate representative at the deposition stated that this was Ricardo Strul's area of knowledge.[12]

Plaintiff sought the depositions of agents of Defendant and were instructed that said agents would be produced and contacted only by Defendant. This resulted in an alleged scheduling dispute, which Defendant was categorically unwilling to resolve through rescheduling. Plaintiff seeks only the depositions which Plaintiff originally sought during th discovery period, and does not seek sanctions in this Motion to Compel Depositions.

---

1  "MS. HUEBER: "Q Who within your company, who came up with using the idea to use a fluctuating workweek method?"
MR. ZWETSCH: You can answer the question. I made my objection.
A I believe it was Ricardo Strul.
Q Now, are you telling me that because it says the e-mails or the form says it's from Ricardo Strul, or do you have another reason to believe that?
A It's on the form.
Q Do you have any knowledge of how this decision was made regarding the fluctuating workweek method for employees?
A No."
30(b)(6) Deposition of Representative Ron Correa at 39 [DE 26-1].
2  "Q Did you ever bring up this fluctuating workweek method at any meetings with any employees?
A The company did, yes.
Q Can you give me the context?
A I believe -- that meeting it was held by Ricardo Strul explaining to the employees who are going to get paid in this method, how everything worked.
Q Okay. So that is this one meeting that was had?
A That's correct."
30(b)(6) Deposition of Representative Ron Correa at 55 [DE 26-1].

**III.     Compel Responses to Request for Production**

a.     Background

    1.     On September 3, 2015, Plaintiff served on Defendant a Request for Production .

    2.     On October 7, 2015, Defendant provided its response.  Defendant's objections were inappropriate, and this Court should order the production of said documents, as stated below.

b.     This Court should order the Production of Documents Responsive to RFP 3, 4, and 5.

Plaintiff requests that this Court consider Plaintiff's requests for production and Defendant's responses and determine if Defendant's objections are lawful and appropriate.  If they are not, Plaintiff requests that this Court order the production of responsive documents.

The major dispute in this action is whether the "fluctuating work week" is appropriate to apply to the overtime pay to Plaintiff. Thus, discovery regarding the implementation of the fluctuating work week is highly relevant.  Further, the importance of a "good faith" affirmative defense necessitates the discovery of the grounds for Defendant's defense of good faith in implementing the fluctuating work week.  26(b) of the Federal Rules of Civil Procedure defines the scope of discovery as including "any matter, not privileged, that is relevant to the claim or defense of any party."  "Information requested via discovery is relevant if it appears reasonably calculated to lead to the discovery of admissible evidence." Milinazzo v. State Farm Ins. Co., 247 F.R.D. 691, 695 (S.D. Fla. 2007), *citing* Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 345 (1978).  While Fed.R.Civ.P. 26(b)(1) permits litigants to object, the "heavy burden" is on the party resisting discovery to show why the objection applies.  Viking Yacht Co. v. Affiliated FM Ins. Co., No. 07-80341-CIV, 2008 WL 8715540, at *1 (S.D. Fla. Feb. 7, 2008), *citing* Rossbach v. Rundle, 128 F.Supp.2d 1348, 1354 (S.D.Fla.2000).

Defendant did not properly object to Plaintiffs' requests.  Some of Defendant's objections are inapplicable and the remainder are boilerplate.  Nonspecific and boilerplate objections to "broadness" and "burdensome" do not comply with Local Rule 26.1g3(a) which provides "[w]here an objection is made to any interrogatory or sub-part thereof or to any document request under Fed.R.Civ.P. 34, the objection shall state with specificity all grounds." "Objections which state that a discovery request is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless, and are deemed without merit by this Court. A party objecting on these bases must explain the specific and particular ways in which a request is vague, overly broad, or unduly burdensome." Guzman v. Irmadan, Inc., 249 F.R.D. 399, 400 (S.D. Fla. 2008); Sallah v. Worldwide Clearing LLC, 855 F. Supp. 2d 1364, 1376 (S.D. Fla. 2012); Consumer Electronics Ass'n v. Compras & Buys Magazine, Inc., No. 08-21085-CIV, 2008 WL 4327253, at *2 (S.D. Fla. Sept. 18, 2008); *see also* Viking Yacht Co. v. Affiliated FM Ins. Co., No. 07-80341-CIV, 2008 WL 8715540, at *1 (S.D. Fla. Feb. 7, 2008).  Without such an explanation, the objections "do not comply with both the Local Rules and Rule 34's requirement that objections contain a statement of reasons." Sallah v. Worldwide Clearing LLC, 855 F. Supp. 2d 1364, 1376 (S.D. Fla. 2012), *citing* Pitts v. Francis, 2008 WL 2229524, *2 (N.D.Fla. May 28, 2008).

---

3.   Please provide each and every communication, including any e-mails to legal counsel prior to February 24, 2014 in regard to any advice regarding the implementation of the fluctuating work week.

RESPONSE: Objection: This Request is overly broad and unlimited in time and scope, vague and ambiguous by use of the vague, undefined phrase, "implementation of the fluctuating work week," imposes on the attorney-client privilege beyond any limited and necessary proof of Defendant's good faith affirmative defense, does not provide enough information from which Defendant could reasonable respond or determine all available objections, and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. All documents proving Defendant's good faith compliance with the law and Defendant's associated affirmative defenses against alleged liquidated damages and alleged willful violations will be

made available for inspection and copying, as maintained by Defendant in the ordinary course of business.

Plaintiff was employed by Defendant during the implementation of the fluctuating work week. Plaintiff's claim revolves around how the fluctuating work week was implemented. The limited amount of documents at issue are all extremely relevant.

Further, Defendant waived communications regarding the fluctuating work week with counsel in regard to its good faith defense. Good faith puts at issue all kinds of conduct. *See* Cox v. Adm'r U.S. Steel & Carnegie, 17 F.3d 1386, 1419 (11th Cir.) opinion modified on reh'g, 30 F.3d 1347 (11th Cir. 1994); *see* the Texas case: Edwards v. KB Home, 3:11-cv-00240, Southern District of Texas (July 18, 2015).[3] While there are some circumstances in which this waiver can be limited, Defendant has alleged no facts which would justify a limited waiver.

To the extent that Defendant claims that this is something covered by the attorney client privilege, there needs to be a privilege log. In this matter, no sort of log or any showing at all was made for why agents of Defendant are somehow immune to producing relevant documents.

4. Please provide any e-mail correspondence from any agent of You which included the term "fluctuating work week" or "fww." a) This request is intended to include any e-mail from any e-mail account used by Ricardo Strul which contains the word combination "fluctuating work week" or "fww", which is not an e-mail to his legal counsel after the date February 24, 2014.

**RESPONSE:** Objection: This Request is overly broad and unlimited in time and scope, seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence, and imposes an undue burden and expense on Defendant, including to search e-mails for no valid reason. This Request requires Defendant to find and review essentially every single electronic

---

3  "This "heads I win, tails you lose" result—in which a party asserting good faith could use attorney communications that help its cause, but shield the communications when they do not by characterizing the defense as one that does not rely on advice of counsel would undo, and is at odds with the fairness concerns that animate, the longstanding recognition that asserting a claim or defense that depends on a belief in the lawfulness of one's conduct waives privilege." Id. at 9.

document and communication it has to even attempt to respond. See also response to Request No. 1.

All Defendant has to do is use the search function on an e-mail client to provide said documents. The assertion that Defendant has to "review" every e-mail is silly. This process of searching through e-mails through an e-mail client should taken a very reasonable amount of time. Barring an unpredictable and rare circumstance, every e-mail regarding the fluctuating work week is relevant.

5. Please provide any communication, memorandum, or other document which describes or otherwise discusses the fluctuating work week method of calculating overtime.

**RESPONSE:** Objection: This Request is overly broad and unlimited in time and scope, seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence, and imposes an undue burden and expense on Defendant to search all of its records for no valid reason, and may violate the privacy rights of non-parties without notice or due process. This Request requires Defendant to find and review essentially every single document and communications it has to even attempt to respond. See also response to Request No. 1.

Defendant's objection is an inappropriate boilerplate objection. Plaintiff was employed when the fluctuating work week was implemented, and the decision making process that Defendant used to implement the fluctuating work week is relevant. Hypothetically, Defendant could have an irrelevant memorandum on the fluctuating work week regarding some other company, but the solution to this far-fetched hypothetical could be to simply be not include such non-responsive documents in Defendant's production.

IV.     **Conclusion**

Although the Plaintiff has expended a significant amount of time with this discovery dispute which would not have been expended otherwise (the conferral process alone took nearly three hours of attorney time), Plaintiff is not seeking any sanctions in this Motion. Plaintiff just wants his discovery which was timely scheduled and propounded.

*Wherefore,* Plaintiff requests that this Court compel the depositions of Ricardo Strul and Paul Zak, as well as responsive documents in regard to the above stated requests for production.

Dated this 28<sup>h</sup> day of October 2015.

> Respectfully Submitted,
>
> J.H. Zidell, P.A.
> *Attorneys for Plaintiff*
> 300 71st Street, Suite 605
> Miami Beach, Florida 33141
> Tel: (305) 865-6766
> Fax: (305) 865-7167
>
> By:  /s/ Elizabeth O. Hueber
> Elizabeth Olivia Hueber
> Florida Bar Number: 0073061

CERTIFICATION OF CONFERRAL

Plaintiff's counsel has conferred with Defendant's counsel extensively regarding the relief sought herein. Defendant's counsel contests the relief sought, and has threatened to move for sanctions against the undersigned personally if she sought the depositions as requested above.

> By:  /s/ Elizabeth O. Hueber
> Elizabeth Olivia Hueber
> Florida Bar Number: 0073061

**CERTIFICATE OF SERVICE**

I hereby certify that on this October 28, 2015 that I served this document through the Court's ECF system, which was then forwarded to the below address.

J.H. Zidell, P.A.
*Attorneys for Plaintiff*
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:  /s/ Elizabeth O. Hueber
Elizabeth Olivia Hueber
Florida Bar No.: 0073061

Kevin Douglas Zwetsch
Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.
100 N. Tampa Street
Suite 3600
Tampa, FL 33602
813-289-1247
813-289-6530 (fax)
kevin.zwetsch@ogletreedeakins.com