

**Elizabeth Hueber <elizabeth.hueber.esq@gmail.com>**

## Service of Court Documents

**Zwetsch, Kevin D.** <Kevin.Zwetsch@ogletreedeakins.com>　　　　　　　　　Mon, Sep 21, 2015 at 1:39 PM
To: Elizabeth Hueber <elizabeth.hueber.esq@gmail.com>
Cc: "Astbury, Warren D." <warren.astbury@ogletreedeakins.com>, "Chinea, Elba" <Elba.Chinea@ogletreedeakins.com>, "Scott, Meredith" <Meredith.Scott@ogletreedeakins.com>, Julia Garrett <jgarrett.jhzidellpa@gmail.com>

Elizabeth:

Let me repeat myself again.

Twelve days ago I cleared October 1st with you, my client, and the witnesses. I did this so you could depose Messrs. Strul and Zack before discovery closed. You never confirmed the depositions or sent a notice. Now, twelve days later, with just two weeks left in discovery, and three days before mediation, you suddenly resurface and demand stale dates. You threaten unilateral depositions and "sanctions" because we oppose further discovery by your side now.

You caused and created the current situation by your inaction and delay, and by filing a frivolous or borderline frivolous claim. There is no request or need to "accommodate" me or my client. There are no dates "moving" for "my benefit." You want to schedule two depositions which remain unscheduled since September 9th. I told you today that you must seek available dates after discovery closes. Then, you must seek leave of court to take the depositions. We will oppose any motion or further discovery in this case. This is our position. It won't change.

There is nothing left for us to discuss other than proposed dates after October 7th, assuming your client wants to seek leave to take the depositions after the discovery deadline.

I have no idea what you mean by your speculation that I "plan to not attend." There is no deposition noticed in this case that requires my attendance. I have attended all noticed depositions to date. I intend to continue to attend depositions

as lead trial counsel for the defendant. If you attempt to unilaterally notice a deposition I'll ignore the notice or seek relief, as appropriate.

Regards,

**Kevin D. Zwetsch | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
100 North Tampa Street, Suite 3600 | Tampa, FL 33602 | Telephone: 813-221-7248 | Fax: 813-289-6530
kevin.zwetsch@ogletreedeakins.com | www.ogletreedeakins.com | Bio
Board Certified Specialist in Labor and Employment Law -- The Florida Bar

**From:** Elizabeth Hueber [mailto:elizabeth.hueber.esq@gmail.com]
**Sent:** Monday, September 21, 2015 12:50 PM
**To:** Zwetsch, Kevin D.
**Cc:** Astbury, Warren D.; Chinea, Elba; Scott, Meredith; Julia Garrett
**Subject:** Re: Service of Court Documents

So, we must move dates to accommodate you, but you are going to oppose it? I was moving for more time for your benefit, so, it just didn't seem like it made any sense to me for you to be against it. This whole litigation it seems like you are doing things not because it advantages your client, but to be contrarian. I am trying my best here to work with you, knowing you do not live here.

 I am just going to move for sanctions for you failing to appear for a deposition, if that is really your plan to not attend. If you want to move for an extension of time and it is granted, I will move the date.

On Mon, Sep 21, 2015 at 12:36 PM, Zwetsch, Kevin D. <Kevin.Zwetsch@ogletreedeakins.com> wrote:

Elizabeth:

For the third time I'm telling you that your client must move for dates after 10/7 and we will oppose. I'm flying to Pittsburgh, Pennsylvania on 10/2.

Do you have any more questions?

Regards,

**Kevin D. Zwetsch | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
100 North Tampa Street, Suite 3600 | Tampa, FL 33602 | Telephone: 813-221-7248 | Fax: 813-289-6530

kevin.zwetsch@ogletreedeakins.com | www.ogletreedeakins.com | Bio
Board Certified Specialist in Labor and Employment Law -- The Florida Bar


**From:** Elizabeth Hueber [mailto:elizabeth.hueber.esq@gmail.com]
**Sent:** Monday, September 21, 2015 12:33 PM

**To:** Zwetsch, Kevin D.
**Cc:** Astbury, Warren D.; Chinea, Elba; Scott, Meredith; Julia Garrett
**Subject:** Re: Service of Court Documents


You still haven't confirmed whether 10/1/ or 10/2 are available.

I don't know what "pass and release" is; but it sounds to me like you just forgot you confirmed it and are just having problems litigating a case in Miami when you live in Tampa.

I don't know what motion you are talking about.  Are you opposing my motion for an extension of time?  I will file the motion for an extension of time so it can happen after 10/7.  Do you oppose this relief?


On Mon, Sep 21, 2015 at 12:16 PM, Zwetsch, Kevin D. <Kevin.Zwetsch@ogletreedeakins.com> wrote:

I confirmed 10/1 was open 12 days ago.  You passed and released the date.  Now, today, I told you that you must move for leave to take the requested depositions after discovery ends on 10/7.  I'm not going to do anything but file an opposition to your motion if you file it, and cooperate with you to set a tentative date for the depositions after 10/7 if you provide dates.  If you send unilateral notices I will ignore them or take action if needed.




**Kevin D. Zwetsch | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
100 North Tampa Street, Suite 3600 | Tampa, FL 33602 | Telephone: 813-221-7248 | Fax: 813-289-6530
kevin.zwetsch@ogletreedeakins.com | www.ogletreedeakins.com | Bio
Board Certified Specialist in Labor and Employment Law -- The Florida Bar


**From:** Elizabeth Hueber [mailto:elizabeth.hueber.esq@gmail.com]
**Sent:** Monday, September 21, 2015 12:11 PM

**To:** Zwetsch, Kevin D.
**Cc:** Astbury, Warren D.; Chinea, Elba; Scott, Meredith; Julia Garrett
**Subject:** Re: Service of Court Documents

You confirmed 10/1 and are now backing out.  If you refuse to cooperate with dates within the the discovery period I obviously have no choice but to set a unilateral deposition then seek costs from you.  So be it. File your protective order and we'll argue about it before the judge.   I'll move for an extension of time to take depositions.  May I state that as unopposed?  If it is granted I will cancel the deposition.  I am not trying to be a pain, but if you can't cooperate with dates that you agreed to, or work with me with dates because of your changed schedule, then this is the best I can do.

On Mon, Sep 21, 2015 at 12:05 PM, Zwetsch, Kevin D. <Kevin.Zwetsch@ogletreedeakins.com> wrote:

You waited 12 days and did nothing, and then showed up thinking old dates were still open.  Then, you claimed a right to unilaterally set depositions.  You need to file a motion and we will oppose.  We will agree to set the proposed depositions on dates after 10/7 if the judge allows you to take them.  Send proposed dates.

Regards,

**Kevin D. Zwetsch | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
100 North Tampa Street, Suite 3600 | Tampa, FL 33602 | Telephone: 813-221-7248 | Fax: 813-289-6530
kevin.zwetsch@ogletreedeakins.com | www.ogletreedeakins.com | Bio
Board Certified Specialist in Labor and Employment Law -- The Florida Bar

**From:** Elizabeth Hueber [mailto:elizabeth.hueber.esq@gmail.com]
**Sent:** Monday, September 21, 2015 12:02 PM

**To:** Zwetsch, Kevin D.
**Cc:** Astbury, Warren D.; Chinea, Elba; Scott, Meredith; Julia Garrett
**Subject:** Re: Service of Court Documents

Do you or do you not see me asking for your clients' availability? I am trying to get dates from you.  You keep waffling on dates and it puts my client's case at risk because you can't commit to a date.  Are you now telling me you are unavailable until after October 7?

On Mon, Sep 21, 2015 at 11:58 AM, Zwetsch, Kevin D. <Kevin.Zwetsch@ogletreedeakins.com> wrote:

If you believe you can unilaterally set the depositions then just go ahead and do it.  We won't be there.

If you want to cooperate to schedule depositions, let me know.

You can't do nothing for nearly two weeks and then suddenly show up three days before mediation and put stale dates out to the other side.  Given my schedule and my client's availability, you will need to file a motion to take the depositions after the discovery period ends and we can look at dates after 10/7.  We will oppose the motion.

Regards

**Kevin D. Zwetsch | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
100 North Tampa Street, Suite 3600 | Tampa, FL 33602 | Telephone: 813-221-7248 | Fax: 813-289-6530
kevin.zwetsch@ogletreedeakins.com | www.ogletreedeakins.com | Bio
Board Certified Specialist in Labor and Employment Law -- The Florida Bar

**From:** Elizabeth Hueber [mailto:elizabeth.hueber.esq@gmail.com]
**Sent:** Monday, September 21, 2015 11:47 AM

**To:** Zwetsch, Kevin D.
**Cc:** Astbury, Warren D.; Chinea, Elba; Scott, Meredith; Julia Garrett
**Subject:** Re: Service of Court Documents

You got all my dates already.  Actually I just checked again and I can get October 2 in the afternoon if I have to.  If I can't have either of those dates we are either going to have to stip to the mag, move for extension of time, or I'll unilaterally set them.  Obviously I do not prefer the latter, so, I think we can work this out.  Please let me know asap, if you can.

On Mon, Sep 21, 2015 at 11:40 AM, Zwetsch, Kevin D. <Kevin.Zwetsch@ogletreedeakins.com> wrote:

Not yet. I have to check availability with my client and witnesses.  We will likely need another date based on my commitments, so please send alternative dates before I bother my client again.

**Kevin D. Zwetsch | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
100 North Tampa Street, Suite 3600 | Tampa, FL 33602 | Telephone: 813-221-7248 | Fax: 813-289-6530
kevin.zwetsch@ogletreedeakins.com | www.ogletreedeakins.com | Bio
Board Certified Specialist in Labor and Employment Law -- The Florida Bar

**From:** Elizabeth Hueber [mailto:elizabeth.hueber.esq@gmail.com]
**Sent:** Monday, September 21, 2015 11:24 AM

**To:** Zwetsch, Kevin D.
**Cc:** Astbury, Warren D.; Chinea, Elba; Scott, Meredith; Julia Garrett
**Subject:** Re: Service of Court Documents

I'm sorry I read it a little too quickly going over it again.  I will set the depositions for 10/1.

On Mon, Sep 21, 2015 at 11:21 AM, Zwetsch, Kevin D. <Kevin.Zwetsch@ogletreedeakins.com> wrote:

Elizabeth:

You must not have ready my email below, sent 12 days ago on September 9th.  I said: "Only 10/1 works for my client and I."  Now, I have no idea if the date is still open or available.  I do know for sure that 9/25 is not available, as I already told you.

Regards.

**Kevin D. Zwetsch | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
100 North Tampa Street, Suite 3600 | Tampa, FL 33602 | Telephone: 813-221-7248 | Fax: 813-289-6530
kevin.zwetsch@ogletreedeakins.com | www.ogletreedeakins.com | Bio
Board Certified Specialist in Labor and Employment Law -- The Florida Bar

**From:** Elizabeth Hueber [mailto:elizabeth.hueber.esq@gmail.com]
**Sent:** Monday, September 21, 2015 10:56 AM

**To:** Zwetsch, Kevin D.
**Cc:** Astbury, Warren D.; Chinea, Elba; Scott, Meredith; Julia Garrett
**Subject:** Re: Service of Court Documents

I presume that you confirmed the date 9/25/2015 since your last e-mail - but I have not heard your official confirmation yet.  I am preparing the Notice of Deposition.  Please let me know if there is any concern with that.

On Wed, Sep 9, 2015 at 11:16 AM, Zwetsch, Kevin D. <Kevin.Zwetsch@ogletreedeakins.com> wrote:

Only 10/1 works for my client and I.  Please send notices to start at 10am or later and let me know order and planned length.  Thanks

**Kevin D. Zwetsch | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
100 North Tampa Street, Suite 3600 | Tampa, FL 33602 | Telephone: 813-221-7248 | Fax: 813-289-6530
kevin.zwetsch@ogletreedeakins.com | www.ogletreedeakins.com | Bio
Board Certified Specialist in Labor and Employment Law -- The Florida Bar

---

**From:** Zwetsch, Kevin D.
**Sent:** Wednesday, September 09, 2015 10:27 AM
**To:** 'Elizabeth Hueber'
**Cc:** Astbury, Warren D.; Chinea, Elba; Scott, Meredith; Julia Garrett
**Subject:** RE: Service of Court Documents

I'll check with my client.  9/25 makes sense if we can make the date work.

**Kevin D. Zwetsch | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
100 North Tampa Street, Suite 3600 | Tampa, FL 33602 | Telephone: 813-221-7248 | Fax: 813-289-6530
kevin.zwetsch@ogletreedeakins.com | www.ogletreedeakins.com | Bio
Board Certified Specialist in Labor and Employment Law -- The Florida Bar

**From:** Elizabeth Hueber [mailto:elizabeth.hueber.esq@gmail.com]
**Sent:** Tuesday, September 08, 2015 2:08 PM
**To:** Zwetsch, Kevin D.
**Cc:** Astbury, Warren D.; Chinea, Elba; Scott, Meredith; Julia Garrett
**Subject:** Re: Service of Court Documents

I have a hard time working with that based on the timing.  I have a trial and Sukkot during the days between the mediation and the close of discovery.  There are only a handful of dates I can do - September 25, 30, and October 1.

Please confirm which of those dates you/Elba pick.

On Tue, Sep 8, 2015 at 1:33 PM, Zwetsch, Kevin D. <Kevin.Zwetsch@ogletreedeakins.com> wrote:

Elba will schedule the depositions to occur on an available date after we mediate.

Sent from my iPhone

On Sep 8, 2015, at 11:03 AM, Elizabeth Hueber <elizabeth.hueber.esq@gmail.com> wrote:

> I have previously asked twice for dates for Ricardo Strul to be deposed, and I recently asked for dates for Paul Zak.  I haven't heard anything, yet.  I know that it can be a pain in the butt too coordinate with clients on this, but it is very important for me.  Discovery is closing soon. I would prefer to have a date where these two witnesses are most available as well as respect Mr. Zwetsch's travel time.  If I don't have something about a date we can cooperate on by noon Friday, I'm going to just be stuck sending the notice on a date that I pick.  I have to do this to ensure that the 10-day period is complied with.  I

hope that doesn't sound too aggressive, but I'm kind of in a bind at this point.

Further, I have been instructed by Mr. Zwetsch that these witnesses would be produced through your firm - so I'm not independently contacting them.

On Thu, Sep 3, 2015 at 5:57 PM, Elizabeth Hueber <elizabeth.hueber.esq@gmail.com> wrote:

Case No: 15-20776

Case Name: Garcia v. Yachting Promotions, Inc.

Documents: First Request for Production of Documents, First Request for Admissions, First Set of Interrogatories

Date: 9/3/2015

Server: Elizabeth O. Hueber

Please find attached the above stated three discovery documents. Further, I also need to set the depositions of Paul Zak and Ricardo Strul. Please advise me dates within the next 3 weeks that these two persons will be available. Thank you for your time and consideration.

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*