UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIVIL ACTION NO. 15-20776-Civ-Scola

DANILO LOPEZ GARCIA, and all others )
similarly situated under 29 U.S.C. 216(b), )
                                    )
       Plaintiff, )
                                    )
V. )
                                    )
YACHTING PROMOTIONS, INC., )
                                    )
       Defendant. )
_____ )

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL DEPOSITONS AND
RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant YACHTING PROMOTIONS, INC. ("Defendant" or "Yachting Promotions"), by and through its undersigned counsel, and pursuant to Fed. Civ. P. 26, 30 and 34, and L.R. 7.1(B), hereby responds to Plaintiff DANILO LOPEZ GARCIA's ("Plaintiff") Motion to Compel Depositions and Responses to Request for Production of Documents [Dkt. 27] ("Motion to Compel") and states as follows:

I.     **Plaintiff Did Not Make A Diligent Effort To Comply With The Discovery Deadline When Scheduling The Depositions.**

"Control of discovery is committed to the sound discretion of the trial court and its discovery rulings will be reversed only where they are arbitrary or clearly unreasonable." *Williamson v. U.S. Dep't of Ag.*, 815 F.2d 368, 373 (5th Cir.1987) (citations omitted). The Court has "broad discretion" in the scheduling of discovery. *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1269 (11th Cir. 2001). Here, discovery commenced on May 15, 2015 after the

case management conference.  [Dkt. 16].  Shortly thereafter, this Court issued a scheduling order stating "[t]he parties **must** comply with the following schedule."  [Dkt. 19].  The scheduling order set the discovery deadline for October 7, 2015.  *Id.*

On September 8, 2015, almost four months after discovery commenced, Plaintiff first attempted to schedule the deposition of Ricardo Strul and Paul Zak.  Despite his dilatory approach to discovery, at no time, including in this Motion to Compel, has Plaintiff sought an extension of this Court-ordered discovery deadline to conduct these depositions.  Furthermore, Plaintiff presents an incomplete and self-serving account of his "attempt" to schedule these depositions in his Motion to Compel.  First, Plaintiff leads this Court to believe that the parties had agreed to a date on which defense counsel later reneged.  This statement is false, and Plaintiff's own exhibits attached to his Motion to Compel demonstrate this conclusively. [Dkt. 27-1].   On September 9, 2015, Plaintiff's counsel proposed a September 25, 2015 date for the depositions of Ricardo Strul and Paul Zak.  Defense counsel rejected this proposal and counter-proposed October 1, 2015 as a date that was ***presently*** available on all parties' schedules.  From September 9, 2015 until September 21, 2015, Defense counsel received no response regarding this proposal.  As such, all parties continued to schedule other matters.

*Twelve days later*, on September 21, 2015, Plaintiff's counsel finally contacted Defense counsel to see if the depositions would take place on *September 25, 2015*, the date she originally proposed. Clearly, Plaintiff's counsel had given no consideration to Defense counsel's proposed date prior to September 21, 2015. Defense counsel promptly advised Plaintiff's counsel that because Plaintiff's counsel had waited *twelve days* to respond to this

proposal, he was uncertain if this date was available for himself and his clients.  Later that same day, he confirmed that that date was no longer for Defense counsel and his clients.  The only other date that Plaintiff's counsel proposed before the close of discovery on October 7, 2015 was October 2, 2015.  Defense counsel advised that he would be in Pittsburgh on that date.

In short, any issue scheduling the depositions of Ricardo Strul and Paul Zak are entirely of the Plaintiff's own creation.  Plaintiff should not now be rewarded with an extension of the Court mandated discovery deadline because of his own dilatory practices.  Finally, any extension of the Court mandated discovery deadline would materially prejudice Defendant because it will necessarily delay this Court ruling on Defendant's Motion for Summary Judgment.  Therefore, Yachting Promotions respectfully requests that this Court reject Plaintiff's Motion to Compel the depositions of Ricardo Strul and Paul Zak.

## II.   Yachting Promotions Objected To Requests 3, 4, And 5 Should Not Be Overruled.

In compliance with L.R. 26.1(i)(2) Yachting Promotions will state the request for production, objection, grounds for the objection, and reasons to deny the motion in succession.[1]

**REQUEST 3:** Please provide each and every communication, including any e-mails to legal counsel prior to February 24, 2014 in regard to any advice regarding the implementation of the fluctuating work week.

**RESPONSE:**  Objection:  This Request is overly broad and unlimited in time and scope, vague and ambiguous by use of the vague, undefined phrase, "implementation of the

---

[1] Plaintiff's motion does not comply with L.R. 26.1(i)(2).

3

fluctuating work week," imposes on the attorney-client privilege beyond any limited and necessary proof of Defendant's good faith affirmative defense, does not provide enough information from which Defendant could reasonable respond or determine all available objections, and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence.   All documents proving Defendant's good faith compliance with the law and Defendant's associated affirmative defenses against alleged liquidated damages and alleged willful violations will be made available for inspection and copying, as maintained by Defendant in the ordinary course of business.

**Grounds for objection and reasons to deny motion:**  First, as indicated in its response above, Yachting Promotions has already produced all documents "proving Defendant's good faith compliance with the law and Defendant's associated affirmative defenses against alleged liquidated damages and alleged willful violations." Therefore, Plaintiff already has in his possession all documents Yachting Promotions intends to use to establish any affirmative defenses raised in this matter.

Regarding the over broad and relevance objections, Yachting Promotions started to implement the fluctuating workweek on February 27, 2007.  Therefore, this request seeks every communication "regarding implementation of the fluctuating workweek" over a seven year period. However, Plaintiff's damages are statutorily limited under the FLSA to the two year time period prior to his termination.  Therefore, the two year period prior to the Plaintiff's termination is the natural temporal focus of this matter.  The Eleventh Circuit has previously held that "a vague possibility that loose and sweeping discovery might turn up something. . .does not show particularized need and likely relevance that would require

4

moving discovery beyond the natural focus of the inquiry." *Earley v. Champion Intern. Corp.*, 907 F.2d 1077, 1085 (11th Cir. 1990). While courts interpret relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case, 'discovery, like all matters of procedure, has ultimate and necessary boundaries.'" *Fiore v. Goodyear Tire & Rubber Co.*, 2010 WL 4553547, *1 (M.D.Fla. Nov. 3, 2010) (citations omitted). Furthermore, Courts routinely find that requests for all documents over an extended period of time are overly broad and information not reasonably calculated to lead to the discovery of admissible evidence. *See e.g. Melendez v. Mason*, 2007 WL 1471799, *1 (M.D. Fla. May 21, 2007) ("Umbrella references to 'all' records of activity over a decade or two are characteristic of an improper fishing expedition, not permitted under the rules of discovery."); *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 650 (10th Cir. 2008) (request for "'all documents . . . that refer to, mention or relate in any way to Plaintiff, [ ] or the litigation or the allegations, facts and circumstances concerning the litigation,' [was] overly broad."). As this request seeks discovery of "all communications" over a seven year period, well beyond the statutorily limited two year period of recovery under the FLSA, Yachting Promotions' over broad and relevancy objections should be sustained.

Regarding the vague and ambiguous objection, "Courts tend to find document requests seeking all documents related to a claim or defense as lacking particularity." *Lopez v. Chertoff*, 2009 WL 1575214, *2 (E.D. Cal. June 2, 2009) (citations omitted). Therefore, Yachting Promotions' objections should be sustained and no further production should be compelled.

**REQUEST 4:** Please provide an e-mail correspondence from any agent of You which included the term "fluctuating work week" or "fww."

       a)  This request is intended to include any e-mail from any e-mail account used by Ricardo Strul which contains the word combination "fluctuating work week" or "fww", which is not an e-mail to his legal counsel after the date February 24, 2014.

**RESPONSE:**  Objection:  This Request is overly broad and unlimited in time and scope, seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence, and imposes an undue burden and expense on Defendant, including to search e-mails for no valid reason.  This Request requires Defendant to find and review essentially every single electronic document and communication it has to even attempt to respond.  See also response to Request No. 1.

**Grounds for objection and reasons to deny motion:**  Request 4 is similar to Request 3 above.  Therefore, Yachting Promotions respectfully requests that the Court refer to Yachting Promotions "grounds for objection" to Request 3 above for the reasons why the over broad and relevance objections should be sustained.

Regarding the undue burden and expense objection, pursuant to the governing case law in this Circuit, Plaintiff failed to confer with Yachting Promotions regarding the appropriate search for relevant ESI and production, including: the subject scope of the search; efficient search terms; potential Boolean searches; potential sources of the ESI; the manner, format and timing of production; the implementation of a claw-back agreement; potential sampling based on initial searches and the refinement of search terms depending on

the results of the sampling; and potential cost-sharing, with the overall understanding that the costs of e-discovery must be proportional, utilizing the factors articulated in, *inter alia*, *Zubulake v. UBS Warburg LLC*, 216 F.R.D. 280 (S.D.N.Y. 2003); *see also F.D.I.C. v. Brudnicki*, 291 F.R.D. 669, 675 (N.D. Fla. 2013) (adopting the *Zubalake* factors).  This Court should not reward Plaintiff's failure to diligently act to narrow the scope of e-discovery in this matter.  Accordingly, Yachting Promotions undue burden objection should be sustained, and Plaintiff's Motion to Compel these documents should be denied.

**REQUEST 5:**  Please provide any communication, memorandum, or other document which describes or otherwise discusses the fluctuating work week method of calculating overtime.

**RESPONSE:**  Objection:  This Request is overly broad and unlimited in time and scope, seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence, and imposes an undue burden and expense on Defendant to search all of its records for no valid reason, and may violate the privacy rights of non-parties without notice or due process.  This Request requires Defendant to find and review essentially every single document and communications it has to even attempt to respond.  See also response to Request No. 1.

**Grounds for objection and reasons to deny motion:**  Yachting Promotions respectfully requests that this Court refer to the "grounds for objection" for Request 3 above for further support of its over broad and relevance objections to this request.

Regarding the undue burden objection, this request seeks "any communication, memorandum, or other document" over a seven year period which "describes or otherwise

discusses the fluctuating work week method of calculating overtime" necessarily requires Yachting Promotions to review and analyze each and every "communication, memorandum, or other document" produced by the company over a seven year to see if it is responsive to this request.  However, as discussed above, Plaintiff's potential recovery is statutorily limited under the FLSA to the two year period prior to this termination.  Therefore, this request is unduly burdensome and Plaintiff's Motion to Compel these documents should be denied.

WHEREFORE for all the foregoing reasons, Yachting Promotions respectfully requests that this Court deny Plaintiff's Motion to Compel in its entirety.

Dated:  November 11, 2015.

Respectfully submitted,

/s/Kevin D. Zwetsch
WILLIAM E. GROB
Florida Bar Number 0463124
E-mail: william.grob@ogletreedeakins.com
KEVIN D. ZWETSCH
Florida Bar Number 0962260
E-mail: kevin.zwetsch@ogletreedeakins.com
WARREN D. ASTBURY
Florida Bar Number 078056
E-mail: warren.astbury@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
100 North Tampa Street, Suite 3600
Tampa, Florida 33602
Telephone: 813.289.1247
Facsimile: 813.289.6530

ATTORNEYS FOR DEFENDANT
YACHTING PROMOTIONS, INC.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 11, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/Kevin D. Zwetsch*
Attorney

**SERVICE LIST**

J.H. Zidell
Julia M. Garrett
Elizabeth Olivia Hueber
Steven C. Fraser
J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, Florida  33141
zabogado@aol.com
jgarrett.jhzidellpa@gmail.com
elizabeth.hueber.esq@gmail.com
steven.fraser.esq@gmail.com
(Counsel for Plaintiff)
*via CM/ECF Electronic Notification*

22953616.1

9