United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Danilo Lopez Garcia, Plaintiff<br>v.<br>Yachting Promotions, Inc.,<br>Defendant. | Civil Action No. 15-20776-Civ-Scola |

### **Order Granting Motion for Summary Judgment**

Plaintiff Danilo Garcia sued Defendant Yachting Promotions, Inc. for unpaid overtime in violation of the Fair Labor Standards Act. While employed by Yachting Promotions, Garcia signed an acknowledgment that he read and understood his compensation policy that his "weekly hours will fluctuate and that this base salary will compensate [him] for any and all hours worked" plus "half-time for those hours greater than 40 in a workweek." (Acknowledgement 2, ECF No. 25-5.) Now, Yachting Promotions asks the Court to grant final summary judgment on Garcia's sole claim for unpaid overtime. (Mot. 1,, ECF No. 25.) Yachting Promotions argues that Garcia was properly paid for every hour he worked under the fluctuating workweek method of calculating overtime pay. (*Id.* at 1–2.) Garcia argues that the fluctuating workweek schedule cannot lawfully apply, because he lacked a clear mutual understanding that he was paid using the fluctuating workweek schedule. (Garcia Aff. ¶ 8, ECF No. 31-1.) Having reviewed the record, the parties' briefs, and the relevant legal authorities, the Court **grants** the Motion for Summary Judgment (ECF No. 25).

The Court applies the familiar legal standard for summary-judgment motions. "Summary judgment is appropriate where the pleadings, affidavits, depositions, admissions, and the like show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015) (punctuation & citation omitted). "[T]o survive summary judgment, the nonmoving party must . . . make a showing sufficient to permit the jury to reasonably find on its behalf." *Id.*

The fluctuating workweek method allows an employer to compensate an employee whose hours fluctuate from week to week at a fixed salary per week for the first 40 hours worked (even if below 40 hours), plus one-half (or 50%) the regular rate, instead of one-and-one-half times (or 150%) for each hour worked in excess of 40 hours. *Garcia v. Port Royale Trading Co., Inc.*, 198 F. App'x 845, 846 n.1 (11th Cir. 2006.) To establish that the fluctuating workweek was lawfully applied, Yachting Promotions must show that (1) Garcia's hours fluctuated from week to week; (2) Garcia was paid a fixed weekly

salary regardless of the number of hours worked during that week; (3) Garcia was actually paid at one-half the regular rate of pay for each hour of overtime worked during any week; and (4) Yachting Promotions and Garcia had a clear, mutual understanding that the Garcia's fixed weekly salary was intended to compensate him up to the first 40 hours and that any and all overtime hours would be paid at one-half the regular rate of payment for that week.  29 C.F.R. § 778.114.

Garcia disputes only whether he had a "clear mutual understanding" (Resp. 3, ECF No. 31), but he agrees that the fluctuating workweek can be applied where the employer and employee have a clear mutual understanding that the employer will pay the employee a fixed salary regardless of the number of hours worked.  (Resp. 6, ECF No. 31.)  And Garcia agrees that he knew he was paid a "fixed salary . . . that did not vary with the number of hours he worked during the workweek." (Mot. 4 ¶ 2, ECF No. 25; Resp. 1 ¶ 2, ECF No. 31.)  Moreover, Garcia signed a memorandum that stated:

> This will confirm that beginning on March 2nd the Company will continue to pay your weekly base salary for all hours worked in a workweek.  You understand that your weekly hours will fluctuate and that this base salary will compensate you for any and all hours worked.  In order to reward you for those times when your supervisor approves work greater than 40 hours in any given workweek all eligible salaried non-exempt employees will begin receiving at least an additional half-time for those hours greater than 40 in a workweek.  To monitor this compensation program, the Company requires [you] to maintain the current practice of: (a) keeping a daily record of the number of hours worked and submitting it to your corresponding office's record keeper; and (b) having received authorization from your supervisor before working more than 40 hours in any given workweek.
>
> This salary method of payment may be changed or modified as deemed appropriate by the Company.  If you have any questions regarding this feel free to contact me.
>
> I have read and understand the above.

(Acknowledgement 2, ECF No. 25-5.).  Standing alone, the executed acknowledgment satisfies the Court of the existence of a clear and mutual understanding.  Moreover, Garcia's paychecks echo this mutual understanding.  (Pay Records, ECF No. 25-4.)

Garcia argues that this "case turns on the question of if Plaintiff Lopez Garcia had a clear mutual understanding of the fluctuating workweek method of pay."  (Resp. 6, ECF No. 31.)  To demonstrate a lack of clear understanding,

Garcia points to instances where he allegedly questioned how his overtime pay was "paid" or "calculated." (Garcia Aff. ¶¶ 10–13, ECF No. 31-1.) But even Garcia admits that "clear mutual understanding does not have to be a precise understanding of how the workweek is calculated." (Resp. 7, ECF No. 31.) *See Davis v. Friendly Exp., Inc.*, 2003 WL 21488682, at *2 (11th Cir. Fed. 6, 2003) (explaining that the FLSA does not require an employee understand the manner in which overtime pay is calculated).

Additionally, Garcia argues that his "language ability" demonstrates a lack of mutual understanding (Resp. 9, ECF No. 31), because he signed English documents that were not translated nor explained to him. (Garcia Aff. ¶ 15, ECF No. 31-1.) However, it is Garcia's responsibility not to sign a document that he does not understand. *Peralta v. Peralta Food, Corp.*, 506 F. Supp. 2d 1274, 1282–83 (S.D. Fla. 2007) (Torres, Mag. J.) "Persons not capable of reading English, as well as those who are, are free to elect to bind themselves to contract terms they sign without reading." *Id.* (quoting *Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Benton,* 467 So.2d 311, 313 (Fla. 5th DCA 1985)). "The burden is on the person who cannot read to know that he cannot read and if he desires to have an instrument read and explained to him to select a reliable person to do so before he signs it." *Id.*; *see also Hall v. Burger King Corp.,* 912 F.Supp. 1509, 1522 (S.D.Fla.1995) (Kehoe, J.).

Finally, Garcia explains that paychecks and paystubs are a "common method" by which an employee can be educated on the fluctuating workweek. (Resp. 7, ECF No. 31.) Garcia asserts that because he never worked less than 40 hours a week, his paychecks could not clarify that he would be paid the same whether he worked more or less than 40 hours a week. (*Id.*) While there is no need to consider Garcia's paychecks to conclude that clear mutual understanding existed, the Court clarifies that employees' hours need not fluctuate above and below 40 hours a week for the fluctuating workweek method to apply. *See, e.g.*, *Mitchell v. Abercrombie & Fitch, Co.*, 428 F. Supp. 2d 725, 735 (S.D. Ohio 2006) *aff'd,* 225 F. App'x 362 (6th Cir. 2007) (collecting cases).

Accordingly, for the reasons explained above, Yachting Promotions' Motion for Final Summary Judgment (ECF No. 25) is **granted**. The Court directs the clerk to **close** the case. All pending motions are **denied as moot**.

**Done and ordered** in Chambers at Miami, Florida on December 8, 2015.

_____
Robert N. Scola, Jr.
United States District Judge